UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMIE PHILLIP PERRY,

        Plaintiff,

v.

STATE OF MICHIGAN et al.,

        Defendants.
_____/

Case No. 1:25-cv-819

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 3.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated in the Berrien County Jail, St. Joseph, Berrien County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the State of Michigan, Berrien County, the City of Niles, and Governor Gretchen Whitmer. (Compl., ECF No. 1, PageID.1.)

Plaintiff alleges that, since the State of Michigan determined that Plaintiff was a "CIA member," Plaintiff has been held in a jail cell and denied due process. (*Id.*, PageID.2.) He claims

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

that he was arrested in Indiana by the State of Michigan without a warrant and that his phones were also unlocked without a warrant. (*Id.*)

Plaintiff previously filed a civil action "against the places who claimed [Plaintiff is] a CIA member" in Case No. 1:24-cv-1202. (*Id.*)[2] Plaintiff further alleges a violation of his right to a speedy trial and unspecified violations of his "human plus [his] U.S.C. rights." (*Id.*, PageID.2–3.)

As relief for the allegations contained in the complaint, Plaintiff seeks "safe release," and compensatory damages. (*Id.*, PageID.3.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

---

[2] *Perry v. St. Louis University Hospital et al.*, No. 1:24-cv-1202 (W.D. Mich.), was transferred to the United States District Court for the Eastern District of Missouri on January 28, 2025. On March 11, 2025, the Eastern District of Missouri dismissed Plaintiff's action without prejudice because Plaintiff failed to correct the omission of his signature on his amended complaint, or pay the filing fee or seek leave to proceed *in forma pauperis* as directed by the Court. Order, *Perry v. St. Louis University Hospital et al.*, No. 4:25-cv-108 (E.D. Mo. Mar. 11, 2025), (ECF No. 14).

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A.    Request for Release

In his pleading, Plaintiff seeks both money damages and immediate release. (Compl., ECF No. 1, PageID.3.) Therefore, it is unclear whether Plaintiff seeks to bring a civil complaint for damages, a petition for writ of habeas corpus, or a hybrid action. Given that Plaintiff has identified his pleading as a "Large Claims Suit," and references "1983" (Compl., ECF No. 1, PageID.1), the Court has construed Plaintiff's pleading as primarily a civil rights complaint for damages pursuant to 42 U.S.C. § 1983.

A request for release from custody constitutes a challenge to the fact or duration of confinement, which should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Thus, Plaintiff's request for immediate release is not properly asserted in his civil rights complaint. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (concluding that dismissal is appropriate where Section 1983 action seeks equitable relief and challenges fact or duration of confinement).

Moreover, courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique

procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a Section 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of Section 1915(a)(3) and Section 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of Section 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"). Accordingly, the Court will dismiss Plaintiff's request for release without prejudice for failure to state a claim upon which relief can be granted.

    **B.**    **Section 1983 Claims for Monetary Relief**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

1.     **Defendant State of Michigan**

Plaintiff names the State of Michigan as a Defendant. (Compl., ECF No. 1, PageID.1.) Section 1983, however, expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the State of Michigan is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Accordingly, Plaintiff fails to state a claim upon which relief can be granted against the State of Michigan.

2.     **Defendants Berrien County, City of Niles, and Governor Gretchen Whitmer**

Plaintiff lists Berrien County, the City of Niles, and Governor Gretchen Whitmer in the caption of his complaint. (Compl., ECF No. 1, PageID.1.) However, Plaintiff does not mention these Defendants anywhere within the factual allegations of his complaint or otherwise identify any actions that may be attributed to these Defendants.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the

7

complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

In this action, Plaintiff does not identify any actions by Defendants Berrien County, the City of Niles, and Governor Gretchen Whitmer. Therefore, his claims against them fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, the Court will dismiss Plaintiff's complaint against these Defendants for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.

Dated:   August 25, 2025                          /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          United States Magistrate Judge